UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRIDGET GLADWIN,

    Plaintiff,

vs.                                           **FIRST AMENDED COMPLAINT**

ROCCO POZZI, sued in his individual capacity,    06 Civ. 0650 (SCR) (LMS)
COUNTY OF WESTCHESTER

    Defendants.
------------------------------------------------------------X

    By and through her counsel, Sussman & Watkins Law Office, plaintiff alleges against defendants as follows:

### I. **PARTIES**

1. Plaintiff Bridget Gladwin is an African-American female, of dark complexion, who resides within this judicial district.

2. At all relevant times herein, defendant Rocco Pozzi has served as Commissioner of Corrections for the County of Westchester and resides within this judicial district. He is Caucasian.

3. The County of Westchester is a municipal corporation organized and operating pursuant to the laws of the State of New York and the United States. It may sue and be sued.

### II. **JURISDICTION**

4. As plaintiff alleges that by terminating her employment, defendants violated federal civil rights law, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. sec. 1331, 1343 (3) & (4) and 42 U.S.C. secs. 1981, 1983 and 1988.

### III. **FACTUAL ALLEGATIONS**

5. In June 2001, the Westchester County Executive offered plaintiff employment as First Deputy Commissioner of Corrections for the County of Westchester, a Grade XVIII position.

6. Prior to accepting this position, plaintiff had served as a top-ranking administrator in correctional facilities for more than twenty years for the New York State Department of Correctional Services.

7. During plaintiff's employment, Pozzi continuously favored plaintiff's white and male subordinates, failed to provide plaintiff with assignments commensurate with her experience, competency and expertise and devalued her input and suggestions on relevant issues.

8. During plaintiff's employment, Pozzi chose male, Caucasian subordinates of lower rank and status than plaintiff to accompany him to meetings and events.

9. In early 2004, plaintiff advised defendant in writing that he was under-utilizing her skills and abilities and devaluing her. She referred to an "Old Boys Club" dynamic within the Department.

10. Pozzi responded in writing, denying these allegations and proclaiming his commitment to fairness and equity.

11. Shortly after receiving the memorandum referred to in paragraph 8, Pozzi sent plaintiff a disciplinary memorandum which chastised her for "verbal outbursts."

12. Upon information and belief, defendant did not write such disciplinary memoranda to white and male subordinates who actually had verbal outbursts.

13. Defendant sent this baseless memorandum, dated February 9, 2004, as a signal to plaintiff to desist from expressing concern about her subordination.

14. After writing this memorandum, plaintiff found that Pozzi continued to deny her the chance to perform job duties provided her by dint of her role as the department's only first deputy Commissioner, continued to discount her advice and suggestions and to shut her out of discussions with white members of his executive cabinet.

15. After this exchange of memoranda, in the spring 2005, plaintiff met with Pozzi and advised him that there was a racial divide in his Executive Cabinet and shared her perception that he favored subordinated white deputy commissioners.

16. At this meeting, plaintiff advised Pozzi that it was one thing to hire minorities, but quite another to provide them with authority commensurate with their titles.

17. In early 2006, Pozzi advised plaintiff that he was terminating her employment and claimed he need not provide any reason for his action.

18. After terminating plaintiff, Pozzi changed her position to a Grade XVII and replaced her with a white male, Joseph Spano, who lacks plaintiff's educational qualifications or experience in corrections administration and could not meet the eligibility requirements for a Grade XVIII.

19. In terminating plaintiff, Pozzi was acting as the County's delegated final policymaker with respect to personnel decisions affecting First Deputy Commissioners.

20. As a consequence of terminating plaintiff intentionally and on the basis of her race and gender, defendants have caused plaintiff anxiety, humiliation, distress and embarrassment.

21. As a consequence of terminating plaintiff intentionally and on the basis of her race and gender, defendants have, and will continue to, cause plaintiff actual economic loss, as measured by back pay (including lost benefits) to the date of judgment and, should plaintiff not

find a comparable job, front pay thereafter.

22. Defendant Pozzi violated clearly established statutory and constitutional rights when he terminated plaintiff on the basis of her race and gender and he so acted spitefully, maliciously and in reckless disregard of plaintiff's federally protected rights.

23. Defendant Pozzi acted as a state actor when he intentionally terminated plaintiff on the basis of her race and gender.

### IV. CAUSES OF ACTION

24. Plaintiff incorporates paragraphs 1-23 as if fully re-written herein.

25. By terminating plaintiff intentionally and on the basis of her race and gender, defendant Pozzi violated the 14th Amendment to the United States Constitution [equal protection], as implemented by 42 U.S.C. sec. 1983, as well as 42 U.S.C. sec.1981, which prohibits discrimination on the basis of race in the termination of employment relationships.

26. As Pozzi was acting as the County's delegated final policymaker when he terminated plaintiff's employment on the basis of her race and gender, the County violated the 14th Amendment Equal Protection Clause, as made actionable through 42 U.S.C. sec. 1983, and 42 U.S.C. sec. 1981, which prohibits race discrimination

### V. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to hear and decide this matter;

c) award plaintiff and against defendants compensatory damages, with pre- and post-judgment interest as provided by law, for the pecuniary and non-pecuniary losses defendants' wrongful act

has caused and will cause her;

d) award plaintiff and against defendant Pozzi punitive damages for the malicious, willful and wanton racial and gender discrimination in which he has engaged;

e) award plaintiff and against defendants front pay [as reinstatement is not a feasible remedy] from the date of judgment until she reaches the age of seventy [70] years of age;

f) award to plaintiff and against defendants the reasonably incurred attorneys fees and costs arising from prosecution of this matter, and

g) enter any other Order which this Court deems necessary and warranted by the interests of law and/or equity.

> Respectfully submitted,
>
> Christopher D. Watkins (CW 2240)

SUSSMAN & WATKINS LAW OFFICE
PO Box 1005
40 Park Place
Goshen, New York 10924
(845)-294-3991

Counsel for Plaintiff Bridget Gladwin

Dated: February 20, 2007
       Goshen, New York